IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD BARKER,

WILLIAM GILBERT

      Plaintiffs,                  No. CIV S-11-0178 GGH P

   vs.

MATHEW CATE, et. al.,

      Defendants.               ORDER

_____/

      Plaintiffs, state prisoners proceeding pro se, have filed a civil rights action[1] pursuant to 42 U.S.C. § 1983, together with a request to proceed in forma pauperis. In light of 1996 amendments to 28 U.S.C. § 1915, this court will not rule on plaintiffs request to proceed in forma pauperis.

      The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject

---

[1] While plaintiffs have filed this action as a petition for writ of mandamus, it is more appropriately brought pursuant to § 1983.

of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b).

Plaintiffs, both of whom are incarcerated at California Men's Colony in San Luis Obispo, in the Central District of California, allege that guards at that facility unlawfully confiscated one of the plaintiff's property which has not been returned.[2]  The only defendants named are the warden of the prison and the Director of the California Department of Corrections and Rehabilitation (hereafter "CDC Director").

Venue of this action is technically appropriate in the Eastern District of California because the CDC Director resides in this district.  Nevertheless, the court is transferring this action to the Central District of California pursuant to 28 U.S.C. § 1404(a) in the interests of justice for the following reasons.

It is clear that plaintiff is suing the CDC Director solely in a respondeat superior capacity.  As such, the CDC Director is subject to be dismissed from this 42 U.S.C. § 1983 action.  Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979).  Venue would then be improper in this district because no defendant would be found here.  Venue would also be improper because the claims for which plaintiff seeks relief took place in the Central District.  Thus, it is appropriate that those claims be litigated in that district.

IT IS THEREFORE ORDERED that:

1. This court has not ruled on plaintiff's request to proceed in forma pauperis; and
2. This action is transferred to the Central District of California.

DATED: January 26, 2011

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

ggh: ab
bark0178.21c

---

[2] The property in question are canteen ducats.